Bradley, J.
After a careful examination of the evidence, we think the decision of the trial court upon the merits is supported by it.
The transactions between the defendant and her. grantor and mortgagee, Hadfield, are not very clearly presented, and some confusion and much uncertainty is found in the evidence, and the effect to which it is entitled is a matter of some doubt. The fact that the time of the payments claimed, and which the evidence in any manner tends to prove were made to Hadfield, was long before any money became due on the mortgage, would ordinarily suggest an inquiry which might require quite satisfactory evidence to prove that payments so made were in fact applicable to no other purpose. Then some doubt is also furnished by the fact that while the purchase price of the conveyance of the mortgaged premises was $1,025, the amount secured by the mortages was $1,800, and the consideration expressed in the deed of those premises to the defendant was $2,300.
In the meantime there had been two cottages built upon the premises, by means of a contract made by Hadfield with the builder, expressing the price of $490 for each, with the amount of some extra work afterward added to the expense. In view of all the circumstances appearing by the deeds, mortgages, and other papers, and evidence, the trial. court may well have concluded that the mortgages were taken on adjustment of the amount due him from the defendants, and that the moneys he received from the defendant about the time, and shortly after the date of the mortgage, were paid on account of liability to him not embraced within the moneys secured by the mortgages. His deed to her was not acknowledged until January 7, and the mortgages were acknowledged January 11, and all recorded on the 15th of that month.
But these circumstances, and the apparent uncertainty of the recollection of the witnesses, the conflict of statements made by some of them, the modification in respect to the time of the transactions to which they testified, as well as the appearance of the witnesses as such, were all matters of criticism peculiarly for the trial court.
The circumstances of the confidential business relations between the defendant and Hadfield, and the fact that he was to some extent her adviser, may have been entitled to *286 some consideration in the interpretation of the transactions in question.
Shortly after the conveyance was made by the defendant to Hadfield, and in August, 1878, a judgment for upwards of $300 was recovered by one Reiman, as assignee of other parties against the defendant. And there was some evidence tending to prove that this conveyance was on account of such claim, and apprehended recovery upon it, and that thereafter, until it was paid, she kept her property so covered, and that the two conveyances afterward made to Hadfield were in her interest, and title vested in him to protect it against such recovery.
This judgment was paid in November, 1880, and the conveyances made to her of date December following. And there was some evidence to the effect that in the meantime the defendant and her husband had taken some part in the erection of the cottages on the premises, and had paid some part of the expense of their construction.
There was something of this which may properly have been considered by the trial court upon the question before it, and which may have tended in the view there taken to have explained, and in some degree aided, in giving force and application to the evidence of the premature payments. And in view of all the evidence the question was one of fact, and we cannot say that the conclusion reached by the trial court was not justified.
There were several exceptions taken by the plaintiff to the admission of evidence, which it is contended by her counsel was erroneously received.
The exception to the offer to prove by the defendant the consideration for one of the lots conveyed by Mrs. Bale to Hadfield, in view of the evidence given, was not well taken. It apparently had no relation to any communication or transaction between the witness and the deceased. And the same remark applies to her evidence of her talk with Mrs. Bale about buying the same property, and the evidence was competent as bearing upon the relation of the defendant to the purchase, although of itself insufficient to establish that the title was taken by Hadfield other than as purchaser.
It was a mere circumstance in the line of the defense alleged in the answer. His evidence that there was $200 in money she had, when Hadfield was at her house, did not necessarily tend to prove a personal transaction between her and him, nor the fact that she knew; where the money came from that was paid to Mrs. Bale, as her evidence does not tend to show that she furnished it to Hadfield. The question asked her, whether she had papers in her hands showing any transaction between her and Hadfield *287 ‘ •' at the time, ” was answered, “ no;” but she added, “ I had such papers before that * * * they were lost. ” This latter portion of the answer was not responsive to the inquiry objected to, nor could it prejudice the plaintiff, as it proved nothing. And the papers then put in evidence did not tend to prove any transaction between the witness and the deceased.
When she was asked if she knew anything about a receipt of date 7th of January, 1881, made by Hadfield to F. Seifert for $150, and whether she recollected the time the receipt was made, her counsel added that his only object was to identify the time, and the objection was overruled. And she answered that all she knew about it, her husband (whose name was in the receipt) was out with Hadfield on that day to see a person named. This does not seem to give any force to the exception.
It is not apparent, in. view of any evidence given on the trial, that her statement that she did not see the two mortgages at her house on December 4, 1880, necessarily related to any personal transaction between her and Hadfield.
Some of the evidence of the defendant, called for and given in her examination as a witness in her own behalf, was close to the fine between competency and the inhibition of the provisions of section 829 of the Code; but we think that none of her evidence to which exception was taken came within the rule of exclusion as involving or concerning any personal communication or transaction between her and Hadfield, deceased.
It is not sufficient to produce error that the fact testified to may tend to corroborate in some degree other evidence given which involves a transaction between the witness and a deceased person, if the fact itself is an independent one and does not involve any such transaction. Wadsworth v. Hermans, 85 N. Y., 639; Lewis v. Merritt, 98 id., 206; Saratoga County Bank v. Leach, 37 Hun, 336.
No inference could legitimately arise from any evidence of the defendant to which objection was taken, of any such transaction; and in that respect the case was carefully tried by the court below. At the time of the trial the statute did not exclude the evidence of the husband, as such, in respect to any transactions between his wife or him with the deceased, as he was not then a party to the action and had no certain interest in the event. His liability to succeed as tenant by the courtesy to the lands of which she may die seized in the event he survives her, is not a certain interest, as she may by deed or will defeat such succession; and the reception of evidence that the defendant and her husband received moneys, and of the sources from which it came was not error. They were properly permitted to *288 prove that they had the means to pay, what the evidence tended to prove they had paid, although it was no proof of the main fact, and no inference of such payment could arise from it. The fact that the defendant erected buildings after the death of Hadfield, was entirely immaterial for any purpose.
The question asked the defendant, how long after his death the cottages were built on the corner, must have been inadvertence, because it had appeared that they were built prior to his death. And it is evident that she misunderstood the inquiry, as she answered, “about a year and a half after,” and then proceeded to refer to the construction of a house upon another portion of the premises, to which no objection was specifically taken.
A careful examination of all the exceptions taken leads to the conclusion that no error was committed by the court below to the prejudice of the plaintiff or of the defendant, and that the judgment should be affirmed.
Smith, P. J., and Haight, J., concur.